1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   FRANCES RENEE FAMBROUGH,                    1:14-cv-00234-GSA

12                    Plaintiff,

13            v.                                  **ORDER REGARDING PLAINTIFF'S**
                                                  **SOCIAL SECURITY COMPLAINT**
14   CAROLYN COLVIN, Acting
     Commissioner of Social Security
15
                     Defendant.
16

17
18   **I.    INTRODUCTION**

19          Frances Fambough ("Plaintiff") seeks judicial review of a final decision by the

20   Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for

21   Disability Insurance Benefits and Supplemental Security Income pursuant to Titles II and XVI of

22   the Social Security Act.  The matter is currently before the Court on the parties' briefs, which

23   were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate

24   Judge.[1] The Court finds the decision of the Administrative Law Judge ("ALJ") is not supported

25   by substantial evidence in the record as a whole.  Accordingly, this Court reverses the agency's

26   determination to deny benefits and remands this action to the ALJ for further consideration.

27

28   _____
     [1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 6 and 10).

1

## II.     BACKGROUND AND PRIOR PROCEEDINGS[2]

On June 2, 2010, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income.   AR 208-218.   The applications were denied initially on December 3, 2010, and upon reconsideration on May 18, 2011. AR 118-122; 125-129.   Plaintiff filed a request for a hearing on December 17, 2010.   AR 7.   The hearing was conducted before Administrative Law Judge ("ALJ") Danny Pittman on September 18, 2012.   AR 38-73.   On October 19, 2012, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled. AR 15-29.   Plaintiff filed an appeal of this decision with the Appeals Council.   8-10.   On March 13, 2013, the Appeals Council denied the appeal, rendering the order the final decision of the Commissioner.   AR 1-6.   This appeal followed.

## III.    THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.   42 U.S.C. § 1382c(a)(3)(A).   An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability.   20 C.F.R. § 416.920(a).   The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled.   20 C.F.R. § 416.920 (a)(4).   The ALJ must consider objective medical evidence and opinion testimony.   20 C.F.R. § 416.913.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

substantial gainful activity during the period of alleged disability; (2) whether the claimant had medically-determinable "severe" impairments;[3] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work;[4] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. § 416.920(a)(4).

## IV.   SUMMARY OF THE ALJ'S FINDINGS

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 15-29.  In particular, at step one, he found that Plaintiff had not engaged in substantial gainful activity since March 23, 2007, the alleged onset date of her disability.  AR 17.  At step two, the ALJ identified borderline intellectual functioning, a depressive disorder, obesity, degenerative disc disease, hypertension, and diabetes mellitus as severe impairments.  AR 16.  However, at step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or exceed any of the listed impairments. AR 18-20.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to (1) sit, stand and/or walk six hours in an eight-hour workday; 2) lift and/or carry twenty pounds occasionally and ten pounds frequently; and 3) occasionally climb, balance, crouch, kneel, and stoop. AR 30.  The ALJ found that Plaintiff could not work at heights or operate machinery and limited Plaintiff to unskilled, routine work, in a non-public setting, with limited contact with co-workers.  AR 20.  Given these limitations, the ALJ determined that Plaintiff could not perform her past relevant work as a cashier, telemarketer, or caregiver.  AR 27.  However, he found that she could perform other work including a production assembler, inspector, and a hand packer. AR 27-28.

---

[3] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 416.920(c).

[4] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 416.945. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

Here, Plaintiff argues that the ALJ appropriately gave significant weight to a state agency psychologist's opinion, but erred by failing to incorporate all of the doctor's limitations into Plaintiff's RFC. (Doc. 13, pg. 6-8). Defendant argues that the ALJ's opinion is proper because the ALJ only gave weight to the psychologist's opinion to the extent that it was consistent with other doctor's opinions. Therefore, the formulation of Plaintiff's RFC was proper. (Doc. 14, pg. 5).

**V.    STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Id. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id.

**VI.    DISCUSSION**

At issue in this appeal is whether the ALJ's formulation of Plaintiff's RFC related to her cognitive impairments is proper.[5] More specifically, Plaintiff contends that the ALJ gave great weight to state agency psychologist's Dr. Renner's opinion, however he failed to incorporate a limitation of no production pressure identified by the doctor into Plaintiff's RFC. A review of the record reveals that Plaintiff is partially correct.

On May 2, 2011, state agency psychologist Dr. Renner, issued an opinion. Dr. Renner found Ms. Fambrough was moderately limited in her ability to: (1) understand and remember detailed instructions; (2) carry out detailed instructions; (3) maintain attention and concentration for extended periods; (3) complete a normal workday and workweek without interruptions from

---

[5] The Court has reviewed the entire medical record. However, only opinions that are relevant to the issues raised in this appeal are discussed in detail.

4

psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (4) to respond appropriately to changes in the work setting. AR 437-438. Dr. Renner also opined Ms. Fambrough can do work-like tasks of a simple to slightly more complex nature, with no production pressure. AR 439.

When evaluating the medical record in this case the ALJ stated the following:

> The most recent state agency opinion is that of psychologist consultant L. Reener dated May 2011, opining the claimant could perform simple routine tasks with no production pressure.  I give the opinions of consultant Renner great weight because it is generally consistent with every other mental opinion from the state agency doctors. AR 25. (citations omitted).

Plaintiff argues that the ALJ's failure to include the no production pressure limitation into the RFC is not harmless because at the hearing, the vocational expert testified that an individual who is limited to unskilled routine work with a limitation of no production pressure would be unable to perform any work, including those jobs identified by the ALJ in the decision.  AR 70. Plaintiff contends that based on these findings, Plaintiff is disabled, and the case should remanded.

Defendant contends that the only limitation the ALJ adopted was a limitation for simple routine tasks since the ALJ explicitly stated that he was giving Dr. Renner's opinion weight because it is "generally consistent with every other mental opinion" from the state agency's doctors. (Doc. 14, gp. 4).  Defendant relies on three other state agency doctor's opinions including Dr. Paxton, Dr. Khong, and Dr. Gallucci. *Id.*  All three doctors evaluated Plaintiff's mental abilities and found the Plaintiff had the ability to perform simple routine tasks, but none found a limitation of no production pressure.  AR 365, 396, 414.  Additionally, the Court notes that Dr. Aimee Riffel, a state agency consultative psychologist, examined Plaintiff, and also opined Plaintiff could perform simple routine tasks, however, she did not impose a "no production pressure" limitation.  AR 388-393.

However, the difficulty with Defendant's reasoning is that the ALJ gave *all five* of these doctors opinions great or significant weight.  AR 23-25.  On the one hand, the ALJ gave great

weight to the Dr. Renner who imposed a limitation of simple routine tasks *with* a no production pressure limitation, but he also gave great, or significant weight, to the other doctors' opinions that limited Plaintiff to only simple routine tasks.  Id. Thus, there is an inconsistency - specifically, what weight, if any, the ALJ is giving to the no production pace limitation – which he never addresses.  This is problematic because a claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of a RFC must be "based on all the relevant evidence in [the claimant's] case record." Id. Furthermore, if the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted. SSR 96-8.  When an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester v. Chater, 81 F. 3d 821, 830-831 (9th Cir. 1996). Likewise, "[t] he findings of a nontreating, non-examining physician can amount to substantial evidence, so long as other evidence in the record supports those findings." Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.1996).

Here, the ALJ gave all five doctor's opinions great weight, but did not incorporate all of the limitations into the RFC.  In addition to the no production pressure limitation, both Dr. Riffel and Dr. Khang indicated that Plaintiff could do simple repetitive tasks, but that she would have some difficulty dealing with stress at work.  AR 24; 392; 396.  The Court notes that Plaintiff's RFC limits Plaintiff to working in a non-public setting with limited contact with co-workers.[6]  AR 20.  However, it is not clear from the opinion whether these limitations were imposed specifically to address Plaintiff's difficulty dealing with stress at work, or even if the ALJ adopted these limitations.

Thus, the case will be remanded to allow the ALJ to reconcile the inconsistency between the mental health opinions with regard to the no production pressure limitation, and allow the ALJ to incorporate any identified limitation into the RFC that he finds is supported by substantial

---

[6] The Court is not persuaded by Defendant's argument that the ALJ's limitation to working in a non-public setting with limited contact with co-workers adequately addresses the no production pressure limitation, since production pressure is not necessarily addressed by limiting Plaintiff's work to a non-public setting and restricting contact with co-workers.

1    evidence.  On remand, the ALJ shall clarify which medical evidence supports any identified

2    limitation, and shall provide an explanation for rejecting any of the various doctors' opinions.

3    **VII.    REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS**

4              Given the above, the Court must determine whether this action should be remanded to the

5    Commissioner with instructions to immediately award benefits or whether this action should be

6    remanded to this Commissioner for further administrative proceedings.  Remand for further

7    proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to

8    whether the claimant is in fact disabled. Garrison v. Colvin, 759 F. 3d 995, 1021 (9th Cir. 2014).

9    Conversely, a court should remand with for an award of benefits when: (1) the record has been

10   fully developed and further administrative proceedings would serve no useful purpose; (2) the

11   ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant

12   testimony or medical opinion; and (3) if the improperly discredited evidence were credited as

13   true, the ALJ would be required to find the claimant disabled on remand.  Id. at 1020. Even if all

14   three of these criteria are met, the Court can retain flexibility in determining an appropriate

15   remedy.  Brown-Hunter v. Colvin, 2015 WL 4620123 *8 (9th Cir. Aug. 4, 2015).

16             In this case, the ALJ did not resolve the inconsistency between the limitations identified

17   by each of the doctors as discussed above. The Court finds that remand for further administrative

18   proceedings is necessary to further develop the record and address these issues.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1 | ///

2 | **VIII.    CONCLUSION**

3 |       Based on the foregoing, the Court finds that the ALJ's decision is not supported by

4 | substantial evidence and is not based on proper legal standards.  Accordingly, this Court

5 | GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social

6 | Security.  This action is REMANDED to the Commissioner for further administrative

7 | proceedings consistent with this opinion.  The Clerk of this Court shall enter judgment in favor of

8 | Plaintiff, Frances Fambrough, and against Carolyn W. Colvin, Commissioner of Social Security.

9 | The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **August 6, 2015**                        **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

8