UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES RENEE FAMBROUGH,<br><br>    Plaintiff,<br><br>v.<br><br>THE COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | 1:14-cv-00234-EPG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA**<br><br>**(Doc. 19)** |

## **INTRODUCTION**

Plaintiff filed a complaint challenging the denial of her applications for Disability Insurance Benefits and Supplemental Security Income on October 29, 2014. (Doc. 14.) On August 6, 2015, this Court issued an order reversing the ALJ's decision and remanded the case for further proceedings. (Doc. 17.) The Court entered judgment in Plaintiff's favor that same day. (Doc. 18.)

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act (28 U.S.C. § 2412(d)) ("EAJA") in the amount of $6,485.81, and $30.00 in costs.[1] (Doc. 19.) Defendant opposes the motion and contends the attorney's fees request should be denied or, in the

---

[1] This amount is for a total of 35.5 hours of work (4.9 hours for paralegal services and 30.6 hours for attorney services) and includes fees for filing the instant motion, as well as the reply. (*See*, Doc. 21, pg. 2).

1

alternative, reduced to no more than $2,150.25 because Plaintiff failed to abide by the Court's order setting forth mandatory settlement proceedings. Upon a review of the pleadings, Plaintiff's motion is GRANTED.  Plaintiff shall be awarded fees in the amount of $6,485.81 in fees, and $30.00 in costs.

## **DISCUSSION**

### I.   **Legal Standard**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), claimants who successfully challenge an agency decision in a civil action are entitled to reasonable fees and expenses. 28 U.S.C. § 2412(d)(1)(A) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, when a claimant wins a remand based on an incorrect decision by the Commissioner, attorneys' fees are to be awarded unless the Commissioner shows that she was "substantially justified" in her position, or that special circumstances make an award unjust. *Meier v. Colvin*, 727 F. 3d 867, 869-870 (9th Cir. 2013); *see also*, *Lewis v. Barnhardt*, 281 F. 3d 1081, 1083 (9th Cir. 2002).

### *A.  The Parties' Positions*

Plaintiff argues that the request for $6,515.81 is reasonable because it represents payment for the number of hours expended on this case.  Plaintiff's counsel also requests that the Court honor Plaintiff's assignment of the EAJA fees to the attorney.  The Defendant argues that the

attorney's fees request should be denied because Defendant's position was substantially justified and special circumstances make the award unjust. In the alternative, Defendant requests that the attorney's fees be reduced by 17.8 hours because the time was unreasonably spent on litigation. Specifically, Defendant contends Plaintiff's counsel should not be awarded fees for: (1) briefing an issue not identified in the voluntary remand letter, and (2) litigating the EAJA issue. Defendant also argues that the Court should order any fees paid to Plaintiff, rather than his attorney pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

### *B. The Commissioner's Position is Not Substantially Justified*

"It is the government's burden to show that its position was substantially justified." *Meier*, 727 F. 3d at 870 citing *Guitierrez v. Barnhardt*, 274 F. 3d 1255, 1258 (9th Cir. 2001). "Substantial justification means 'justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person.'" *Id*. quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the position of the United States must have a 'reasonable basis in both law and fact.'" *Id*. citing *Pierce v. Underwood*, 487 U.S. at 565. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. *Id*. citing *Hardisty v. Astrue*, 592 F. 3d 1072, 1077 (9th Cir. 2001). If the government's underlying agency action was not substantially justified, it is not necessary to address whether the government's litigation position was justified. *Meier v. Colvin,* 727 F. 3d at 872.

Here, the government's only argument that its position was substantially justified is that Plaintiff raised an issue for the first time in her opening brief, namely, that the ALJ improperly disregarded the medical opinion of a state agency physician, rather than including it in her confidential letter brief during the required settlement process. Defendant makes no other argument regarding the sufficiency of the agency's decision. This is problematic because under

*Meier*, the Court must first examine the government's underlying agency action (in this case, the ALJ's decision), and then the government's litigation strategy. If the underlying agency action is not substantially justified, the analysis ends. *Meier v. Colvin,* 727 F. 3d at 872. In this instance, the government as not articulated any argument that the ALJ's decision was substantially justified. Thus, they have waived this issue. *Ritchie v. United States*, 451 F. 3d 1019, 1026 n. 12 (9th Cir. 2006) (holding a party will be deemed to have waived any issue or argument not raised; *Indep. Towers of Wash., v. Washington*, 350 F. 2d 925, 929 (9th Cir. 2003).

Nevertheless, the Court independently finds the agency position was not substantially justified. The issue presented in Plaintiff's appeal was whether the ALJ properly evaluated the medical evidence and whether the formulation of the Plaintiff's residual functional capacity ("RFC") was proper. This Court found that the ALJ credited the opinion of five doctors, but failed to address all of the limitations identified by each doctor in the RFC. (Doc. 17 pg. 6). Specifically, the ALJ gave great weight to Dr. Renner's opinion, which imposed a limitation of simple routine tasks with a production pressure limitation, and also gave significant weight to Dr. Riffel's opinion that only limited Plaintiff to simple routine tasks. (Doc 17, pg. 5-6). The ALJ incorporated the simple routine tasks limitation into the RFC, but not the production pressure limitation. Thus, there was ambiguity surrounding what weight, if any, the ALJ was giving to Dr. Renner's opinion and the no production pressure limitation. *Id.*

In addition, the ALJ credited Dr. Riffel's and Dr. Khang's opinions that Plaintiff would have some difficulty dealing with stress at work. Although the RFC limited Plaintiff to working in a non-public setting with limited contact with co-workers, it was unclear whether this limitation was imposed specifically to address Plaintiff's dealing with stress at work, or even if the ALJ adopted this limitation. The Court concluded that the ALJ's decision was not supported by substantial evidence because the judge failed to reconcile all of the doctors' opinions, and it was

4

not clear that the RFC incorporated all Plaintiff's limitations. *Id*. at 6-7.

It is well established that a claimant's RFC is "the most [the Claimant] can still do despite [his or her] limitation." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). "The assessment of a RFC must be based on all the relevant evidence in [the claimant's] case record." *Id*. Furthermore, if the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted. SS 96-8. The ALJ failed to do so in this case. Given these facts, the underlying agency's decision does not have a "reasonable basis in both law and fact," and was therefore not substantially justified. *Meier,* 727 F. 3d at 870. Since the underlying agency action was not justified, attorney fees should be awarded. It is not necessary to address whether the government's litigation position was justified. *Meier*, 727 F. 3d at 872.

### C. Special Circumstances Do Not Exist that Make an Award Unjust

Under EAJA, a Court may "deny awards where equitable considerations dictate an award should not be made." *Scarborough v. Principi*, 541 U.S. 401, 422-423 (2004) (quoting H.R.Rep. No. 96-1418, at 11 (1980)). "The special circumstance exception applies when the case involves novel but credible interpretation of the law, an issue on which reasonable minds could differ, or an important and doubtful question. " *Grason Elec. Co. v. N.L.R.B.*, 951 F.2d 1100, 1103 (9th Cir. 1991). It is the government's burden to prove that special circumstances exist to make an award unjust. *Gutierrez v. Barnhart*, 274 F. 3d at 1258; *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).

Defendant argues that special circumstances make this award unjust because Plaintiff neglected to identify the relevant issues during the settlement process, and only raised the issue resulting in the remand for the first time in her opening brief. (Doc. 20 pg. 5). The Commissioner contends her motivation to settle at that point was low because Plaintiff already incurred most of her attorney's fees preparing the opening brief.

5

Defendant's reasoning is not persuasive.  First, the Commissioner has cited no authority for the proposition that all issues in a case must be raised in the settlement phase.  The confidential settlement exchanges are meant to facilitate settlement – they are not meant to be a comprehensive official statement of all bases of appeal.  Failing to raise an argument in a settlement brief does not waive the argument.  Withholding attorney's fees based on this argument – that Petitioner waived an issue by virtue of a settlement brief – borders on the frivolous.

More importantly, once the medical evidence issue became apparent in the briefing, the government could have agreed to remand the case, which would have limited the attorney's fees, and preserved judicial resources.  The government did not do so.  Instead, it chose to litigate this case, including challenging the attorney's fees, thereby increasing costs to the government.  Opposing the instant motion is particularly troubling when this Court has already found that the ALJ's decision was not supported by substantial evidence, and the Commissioner has not articulated any substantial justification for the ALJ's decision in its opposition to the instant motion.   The Court appreciates the government has an obligation to limit the amount of attorney's fees paid.  Here, however, the government's action were counterproductive - now, Plaintiff is receiving a higher award for additional hours spent litigating the instant motion.  Given the above, Defendant has not established any special circumstances to excuse the payment of fees in this case.

**D.  *Reasonableness***

Under the EAJA, attorney's fees paid must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).  The amount of the fee must be determined based on the particular facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  In making this determination, courts should apply the "lodestar" method to determine what

6

constitutes reasonable attorney's fees. *Hensley*, 461 U.S. at 433. To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The court must provide a concise and clear explanation of the reasons for its attorney award calculation. *Hensley*, 461 U.S. at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988), *cert. denied*, 493 U.S. 1035 (1990). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

### i. *Hourly Rates*

Here, Plaintiff requests $190.00 per hour for work performed by counsel in 2014 and 2015. The Ninth Circuit Court of Appeals has established rates for attorney fees at $190.06 for 2014, and $190.28 for 2015. These rates are the applicable statutory maximum hourly rates under EAJA for attorney work performed in those years, adjusted for increases in the cost of living. *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and Ninth Circuit Rule 39–1.6. In this case, the Court will apply Plaintiff's requested rate. Plaintiff also requests paralegal fees at

the rate of $137.00 an hour.  The Court approves this rate since it is commensurate with paralegal rates in this area.[2]

### ii. Number of Hours Billed

The Court has examined the billing records and has considered Defendant's arguments. Plaintiff is not precluded from recovering fees for services provided after settlement negotiations. Moreover, in general, the Court should defer to the prevailing lawyer's professional judgment when awarding attorney's fees. *Costa v. Comm'r of Soc. Sec. Admin.,* 690 F.3d 1132, 1136 (9th Cir. 2012). "'Lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.'" *Id., quoting Moreno*, 534 F.3d at 1112.  A review of the records reveals that the number of hours billed, including the reply brief in the instant motion, are reasonable. The Court also finds Plaintiff is entitled to $30.00 in costs.

### E. The Proper Payee Under the EAJA

Plaintiff's counsel requests that the fees be paid directly to the Law Office of Lawrence D. Rohlfing pursuant to an assignment agreement. The Commissioner contends that any award under the EAJA must be made payable to Plaintiff because the Treasury Offset Program requires that the government consider whether the fees are subject to any government offset. If Plaintiff does not owe a government debt that qualifies for offset, then payment may be made in the name of Plaintiff's counsel based on the government's discretionary waiver of the requirements in the Anti-Assignment Act, 31 U.S.C. § 3727.

The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, 560 U.S. 586.  Under *Ratliff*, a plaintiff is normally awarded the fees, subject to any offset for applicable government debts. However, after *Ratliff*, courts in this district have ordered payment of EAJA fees directly to the plaintiff's counsel pursuant to the plaintiff's

---

[2] The Commissioner has not opposed this rate for paralegal services.

8

assignment of EAJA fees in a fee agreement, provided that the plaintiff has no debt that requires offset. *See, e.g.*, *Blackwell v. Astrue*, No. CIV 08–1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09–0112 EFB, 2011 WL 976484, at *2–3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08–cv–01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010).

Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements of the Assignment of Claims Act and make payment directly to the plaintiff's counsel. *See Matthews v. Astrue*, No. CIV 11–290–TUC–LAB, 2013 WL 500955, at * 1 (D.Ariz. Feb.11, 2013); see also *Smith v. Astrue*, No. C–10–4814 PJH, 2012 WL 3114595, at * 6 (N.D.Cal. July 31, 2012) ("Based on *Ratliff* and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to direct payment of the EAJA award and not Sackett.")

Here, while Plaintiff has assigned the right to receive EAJA fees to his attorney, the Commissioner has not waived the requirements of the Anti–Assignment Act and contends there is no current information whether Plaintiff owes a federal debt. Under these factual circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff for a determination of whether Plaintiff owes a government debt. However, if Plaintiff does not owe a government debt, this order shall not be construed to preclude the payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment should the government waive the requirements of the Anti-Assignment Act.

## **ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that :

1) Plaintiff's Motion for Attorneys' Fees (Doc. 19) be GRANTED.  Plaintiff's counsel is

awarded fees in the amount of $6,485.81, and $30.00 in costs;

2) This amount should be payable to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), and mailed to counsel's office[3] at the Law Offices of Lawrence D. Rohlfing, 12631 East Imperial Highway, Suite C-115, Sante Fe Springs, CA 90670; and

3) If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of his interest in the fee award.

IT IS SO ORDERED.

Dated: **February 9, 2016**              /s/ *Erica P. Grosjean*
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] *See Shreves v. Colvin*, No. CV–11–8076–PCT (BSB), 2013 WL 4010993, at *5 (D. Ariz. Aug.6, 2013) ("However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.")